### SPECKER v. PETERSON et al.

(Supreme Court, Appellate Term, First Department.   October 23, 1912.)

Costs (§ 277*)—Plea in Abatement—Failure to Pay—Identification of Cause.

> A prior action by plaintiff against defendant P. and another having been dismissed as against P. for failure to prosecute, and a new action having been brought, P. filed an affidavit for an order staying proceedings as against him until the costs in the prior action had been paid, averring that he was informed that the prior action was for damages alleged to have been sustained by plaintiff while at work, etc., which was the cause of action alleged in the complaint in the present suit. Held, that such allegation was not a sufficient showing that the two suits were the same.
>
> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from City Court of New York, Special Term.

Action by John Specker against Charles O. Peterson and another. From an order staying all proceedings on plaintiff's part as against defendant Peterson until the costs in a prior action had been paid, plaintiff appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry Ginnane, of New York City, for appellant.
Axel Josephsson, of New York City, for respondent.

BIJUR, J. It appears that in February, 1912, a summons was served upon Peterson in an action by the plaintiff against Sloane & Moller, Incorporated, and Charles O. Peterson, and that said action was dismissed as against Peterson for failure to prosecute. It is unnecessary to consider any questions of law in this case, since the only attempt to identify the previous action with the present one is the affidavit of Peterson that "deponent was informed that said action was

for damages alleged to have been sustained by plaintiff while at work," etc., the cause of action which is set forth in the complaint served in the present suit. The bare statement hereinabove quoted is no more than a statement by deponent (defendant Peterson) that he believes that the two suits were for the same cause of action; and, such proof being utterly insufficient to sustain the order herein made, the same is reversed.

Order reversed, with $10 costs and disbursements. All concur.